# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| Germaine Byrd, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Harris & Harris Ltd., | |
| Defendant. | **JURY TRIAL DEMAND** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES THE PLAINTIFF, GERMAINE BYRD, BY AND THROUGH COUNSEL, Daniel M. Brennan, Esq. and for his Complaint against the Defendant, pleads as follows:

## NATURE OF THE ACTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## JURISDICTION AND VENUE

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k.

3. Venue is proper in the Middle District of Florida as the Defendant Harris & Harris Ltd. ("Defendant") conducts business in the State of Florida.

## PARTIES

4. Plaintiff is a natural person residing in the city of Brandon, Hillsborough County, Florida.

5. The Defendant to this lawsuit is Harris & Harris Ltd ("Defendant") which is a limited company that conducts business in the state of Florida.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to DTE in the amount of $2,266.00 (the alleged "Debt").

7. Plaintiff disputes the alleged Debt.

8. On November 21, 2021, Plaintiff obtained his Equifax credit report and noticed Defendant reporting the alleged debt as a collection item.

9. On or about November 24, 2021, Plaintiff sent Defendant a letter disputing the reporting collection item.

10. On January 7, 2022, Plaintiff obtained his Equifax credit disclosure, which showed Defendant last reported the collection item reflected by the Equifax on December 31, 2021 and failed or refused to flag them as disputed, in violation of the FDCPA.

11. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

12. Defendant had more than ample time to instruct Equifax to flag its collection item as Disputed.

13. Defendant's inaction to have its collection item on Plaintiff's credit report flagged as disputed was either negligent or willful.

14. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Because Defendant failed or refused to flag its collection item as disputed, Plaintiff's credit score has been improperly depressed, making it harder for him to obtain employment, housing and credit for his day-to-day needs.  His credit report continues to be damaged due to the Defendant's failure to properly report the associated collection item.

## VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). Defendant's foregoing acts in attempting to collect this alleged debt violated the FDCPA at 15 U.S.C. §1692e by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

19. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

20. Defendant's failure to flag its collection items on Plaintiff's consumer credit files is humiliating and embarrassing to the Plaintiff as it creates a false impression to users of his credit report that he has simply ignored this debt when, in fact, he disputes their validity.  Again, the Defendant's failure or refusal to flag it as disputed depresses the Plaintiff's credit score.

21. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has suffered

from stress causing weight loss, arguments with spouse, loss of sleep and stomach issues. Additionally, the Plaintiff has continued to suffer from a degraded credit report and credit score.

22. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: January 28, 2022

**By: /s/ Daniel Brennan**
Daniel Brennan
Bar Number 43395
Credit Repair Lawyers of America
22142 West Nine Mile Road

Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: daniel@crlam.com
*Attorney for Plaintiff*